**YAO ZONG LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2175–ag.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Ernesto H. Molina, Jr., Senior Litigation Counsel, Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Yao Zong Lin, a native and citizen of China, seeks review of an April 27, 2007 order of the BIA affirming the March 29, 2005 decision of Immigration Judge ("IJ") George T. Chew, denying Chen's applications for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). *In re Yao Zong Lin*, No. A 95 660 541 (B.I.A. Apr. 27, 2007), *aff'g* No. A 95 660 541 (Immig. Ct. N.Y. City Mar. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

The agency's adverse credibility determination is supported by substantial evidence. The IJ cited Lin's failure to mention his Falun Gong claim in his first asylum application. Lin explains: that the initial application provided little space for describing the reasons for his fear; that the preparer may not have been a lawyer; and that Lin was a juvenile in detention at the time. This argument is unavailing. It is true that "the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding, and that holding applicants to such a standard is not only unrealistic but also unfair." *Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). But Lin failed to mention altogether one of the two factual predicates underlying his claim. According to the affidavit in his amended asylum application and his testimony, Lin sought asylum on two distinct claims: his relationship with his friend Gazhou and his distribution of Falun Gong material. The omission in the initial application of any mention of Falun Gong was an appropriate basis for the agency's adverse credibility finding.

The IJ also found a material inconsistency concerning Gazhou, and her "amnesia." Whether or not this was central to Lin's claim, the omission, when viewed cumulatively, was an appropriate basis for the adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Taken as a whole, the agency's adverse credibility finding was supported by substantial evidence. Accordingly, the denial of asylum was proper. Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on Lin's claim for withholding of removal and CAT relief. *See Xue Hong Yang,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Lin's pending motion for a stay of removal in this petition is DISMISSED as moot.